J-S32020-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RACHIEM GODFREY | : | |
| | : | |
| Appellant | : | No. 228 MDA 2022 |

Appeal from the PCRA Order Entered February 1, 2022
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s):  CP-38-CR-0001154-2008

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and LAZARUS, J.

MEMORANDUM BY BENDER, P.J.E.:　　　　　**FILED: NOVEMBER 17, 2022**

Appellant, Rachiem Godfrey, appeals from the post-conviction court's February 1, 2022 order dismissing, as untimely, his serial petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

The Commonwealth aptly sets forth the background of this matter as follows:

> On March 2, 2009, a Lebanon County jury … found [Appellant] guilty of persons not to possess firearms, firearms not to be carried without a license, possession of a firearm with an altered manufacturer's number, resisting arrest, and disorderly conduct. [The trial court] sentenced him to an aggregate term of twelve and one-half to twenty-five years' imprisonment. This Court affirmed his judgment of sentence on July 26, 2011. ***Commonwealth v. Godfrey***, 32 A.3d 281 (Pa. Super. 2011) … (unpublished memorandum).  He did not seek allowance of appeal in the Pennsylvania Supreme Court.
>
> On July 13, 2012, [Appellant] filed a petition pursuant to the [PCRA]….  It was denied as meritless.  This Court affirmed, and

he did not seek further review. ***Commonwealth v. Godfrey***, 82 A.3d 1073 (Pa. Super. 2013) … (unpublished memorandum).

Between 2014 and 2020, [Appellant] filed five more PCRA petitions, all of which were denied or, in one instance, withdrawn. He filed the instant petition — his seventh — *pro se* on November 12, 2021. Counsel … was appointed and filed an amended petition, claiming [Appellant's] sentence is illegal because the court failed to hold an ability-to-pay hearing before imposing fines and costs at his 2009 sentencing proceeding. Relatedly, he also claimed that the Department of Corrections improperly deducted $1,893.65 in illegal fines and costs from him during his imprisonment. On February 1, 2022, … the PCRA [c]ourt denied his petition without a hearing.[1, 2]

Commonwealth's Brief at 2-3 (some citations and footnote omitted).

On February 7, 2022, Appellant filed a timely notice of appeal. On February 16, 2022, the PCRA court instructed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within 21 days, warning that any issue not properly included in a timely-filed concise statement would be deemed waived. Appellant made no filing. On

---

[1] In its February 1, 2022 order dismissing Appellant's petition, the PCRA court determined that Appellant had "fail[ed] to raise any claim that would defeat the untimeliness of his [petition]." Order, 2/1/22, at 1 (unpaginated).

[2] Based upon our review of the record, it does not appear that the PCRA court issued Appellant notice of its intent to dismiss his petition without a hearing pursuant to Pa.R.Crim.P. 907. ***See*** Pa.R.Crim.P. 907(1) ("If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal."). However, Appellant has not objected to this lack of notice, and therefore such issue is waived. ***See Commonwealth v. Wooden***, 215 A.3d 997, 1001 (Pa. Super. 2019) (noting that "an appellant's failure to challenge the absence of a Rule 907 notice constitutes waiver") (citation omitted).

April 19, 2022, the PCRA court issued a Rule 1925(a) statement, noting that Appellant never filed a concise statement and that, therefore, all his issues were waived. Thereafter, on April 26, 2022, Appellant filed a concise statement, claiming that the trial court committed an error of law and/or abused its discretion in dismissing his petition.[3]

On appeal, Appellant raises one issue for our review:

Did the [PCRA c]ourt commit revers[i]ble error when it denied [Appellant's] PCRA application for consideration of ability to pay costs and fines?

Appellant's Brief at 2.

Initially, we must ascertain whether Appellant's failure to timely file his Rule 1925(b) concise statement has waived his issue for our review. "This Court has held that both the complete failure to file the 1925(b) statement … and the untimely filing of a 1925(b) statement is *per se* ineffectiveness because it is without reasonable basis designed to effectuate the client's interest and waives all issues on appeal." ***Commonwealth v. Sanchez-Frometa***, 256 A.3d 440, 442-43 (Pa. Super. 2021) (cleaned up). "While these circumstances often require a remand, where the trial court addresses

_____

[3] The late filing of the concise statement is not the only instance of Appellant's counsel's untimeliness in this matter. Because counsel failed to file a brief on behalf of Appellant, despite being so ordered, this Court had to remand the case on June 22, 2022, for the PCRA court to determine whether counsel had abandoned Appellant. Shortly thereafter, on July 11, 2022, counsel filed Appellant's brief. We admonish Appellant's counsel for his lack of diligence in handling this matter.

the issues raised in an untimely Rule 1925(b) statement, we need not remand but may address the issues on their merits." *Id.* at 443 (cleaned up).

Here, we determine that Appellant's counsel was *per se* ineffective in failing to file a timely concise statement. Though the PCRA court's Rule 1925(a) opinion only mentioned Appellant's failure to comply with Rule 1925(b) and found waiver on that basis, the PCRA court stated in its February 1, 2022 order that Appellant had "fail[ed] to raise any claim that would defeat the untimeliness of his [petition]." Order, 2/1/22, at 1 (unpaginated). As such, because we can glean from the record why the trial court dismissed Appellant's petition in the first place, we need not remand this case for the preparation of a supplemental Rule 1925(a) opinion. Accordingly, we proceed to review Appellant's issue.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. *Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007) (stating PCRA time limitations implicate our jurisdiction and may not be altered or disregarded to address the merits of the petition). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes

final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> > (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> >
> > > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> > >
> > > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> > >
> > > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, Section 9545(b)(2) requires that any petition attempting to invoke one of these exceptions "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final on August 25, 2011, when his time to file a petition for allowance of appeal with our Supreme Court expired. *See* Pa.R.A.P. 1113(a) ("[A] petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court or the Commonwealth Court

- 5 -

sought to be reviewed."). Thus, he had until August 25, 2012, to file a timely petition. Consequently, his petition filed on November 12, 2021, is facially untimely and, for this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Appellant does not present an argument that he meets a timeliness exception in his brief, thus waiving any such claim for our review. ***Commonwealth v. Thoeun Tha***, 64 A.3d 704, 713 (Pa. Super. 2013) ("Failure to present or develop an argument in support of a claim causes it to be waived.") (citation omitted).[4] Accordingly, no relief is due, and we affirm the PCRA court's order dismissing his petition.

---

[4] In addition, as the Commonwealth discerns, Appellant also did not properly plead an exception to the PCRA's time-bar below. The Commonwealth explains:

> Although [Appellant] made a passing reference to Section 9545(b)(1)(iii) in the introductory paragraph [of his amended petition] — stating that he "respectfully files the following [a]mended [p]etition for [p]ost-[c]onviction [r]elief pursuant to 42 Pa.C.S. § 9545(b)(1)(iii)[]" — that was insufficient to constitute proper pleading. He did not identify the specific constitutional right he was supposedly asserting, nor did he cite any relevant legal authority in support of his claim.

> He also did not identify any facts or develop any argument to explain how he could possibly have proved the constitutional[-] right exception applied to his case.

Commonwealth's Brief at 8; ***see also*** Appellant's PCRA Petition, 11/12/21, at 3 (claiming that Appellant meets the timeliness exceptions under Section 9545(b)(1)(ii) and (iii), but failing to provide relevant information in support of establishing such exceptions). Moreover, as the Commonwealth correctly
*(Footnote Continued Next Page)*

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/17/2022</u>

---

observes, to the extent Appellant alleges that his sentence is illegal, such a claim is still subject to the PCRA's time-bar. **See** Commonwealth's Brief at 8-9; **see also Commonwealth v. Berry**, 877 A.2d 479, 482 (Pa. Super. 2005) (*en banc*) ("[C]hallenges to the legality of the sentence are never waived. This means that a court may entertain a challenge to the legality of the sentence so long as the court has jurisdiction to hear the claim. In the PCRA context, jurisdiction is tied to the filing of a timely PCRA petition.") (citation omitted).